NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAHAMED AND AZMA KHAN,<br><br>　　　　　　　　　　Plaintiffs,<br>v.<br><br>JP MORGAN CHASE N.A., *et al.*,<br><br>　　　　　　　　　　Defendants. | Civil Action No.: 20-873<br><br>**OPINION & ORDER** |

**CECCHI**, **District Judge.**

This matter comes before the Court on the motions of Defendants JP Morgan Chase National Association ("JPMC") and Fine, Such, Khan, and Shepard, P.C. ("FSKS") (collectively, "Defendants") to dismiss the complaint of *pro se* Plaintiffs Mahamed and Azma Khan (collectively "Plaintiffs"). ECF Nos. 4, 6. This matter is decided without oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendants' motions are granted.

**I.    BACKGROUND[1]**

This action arises out of a prior state court foreclosure action (the "Foreclosure Action"), involving Plaintiffs' property located at 39th Street, Unit A2, Bayonne, New Jersey (the "Property"). In October 2008, Plaintiffs executed a mortgage on the Property with JPMC (the "Mortgage"). ECF No. 6-2, Ex. A. Thereafter, Plaintiffs defaulted on the Mortgage, and on November 7, 2018, JPMC, with FSKS as counsel, filed the Foreclosure Action against Plaintiffs

---

[1] Defendants submitted records from the prior state court proceedings between the parties as attachments to the instant motion to dismiss, and the Court considers these records to better understand the factual background of the case. *See Fiorello v. Santander Bank*, No. 19-10542, 2020 WL 4340148, at *1 n.1 (D.N.J. July 28, 2020) (citing *Doe v. Univ. of Scis.*, 961 F.3d 203, 208 (3d Cir. 2020)) (holding that "[w]hen deciding a motion to dismiss, courts may consider the complaint, but also matters of public record, and documents integral to or explicitly relied upon in the complaint").

in the Superior Court of New Jersey, Chancery Division, Hudson County. Id.  On April 23, 2019, the Chancery Division entered a final foreclosure judgment against Plaintiffs, and the Property was sold through a sheriff's sale on December 5, 2019. Id., Ex. C.

Plaintiffs commenced this action on January 27, 2020, alleging that Defendants violated their constitutional rights by pursuing the Foreclosure Action and subsequent sheriff's sale. ECF No. 1.  Plaintiffs assert the following causes of action:  (1) violation of their rights, privileges, and immunities under the Constitution pursuant to 42 U.S.C. § 1983; (2) conspiracy to violate their constitutional rights pursuant to 42 U.S.C. §§ 1983, 1985; (3) conspiracy to violate their constitutional and statutory rights pursuant to 42 U.S.C. § 1983; (4) malicious abuse of process; (5) conspiracy under 18 U.S.C. §§ 241–242; (6) intentional infliction of emotional distress; (7) mail fraud; and (8) fraud. Id.  In response, JPMC filed a motion to dismiss the complaint on February 10, 2020 (ECF No. 4), and FSKS filed a motion to dismiss on March 12, 2020 (ECF No. 6).  Plaintiffs filed a brief in opposition to both motions (ECF No. 7), and each Defendant filed a reply (ECF Nos. 8, 9).[2]

## II.     DISCUSSION

Defendants raise several arguments for dismissal, including lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine and failure to state a claim upon which relief can be granted. ECF Nos. 4, 6.  The Court will begin by considering Defendants' jurisdictional challenge to Plaintiffs' claims under the *Rooker-Feldman* doctrine. *See Sinochem Int'l Co. v.*

---

[2] Plaintiffs also filed what appears to be a sur-reply (ECF No. 10) and a motion under Rule 11 of the Federal Rules of Civil Procedure (ECF No. 12). The Court has reviewed these submissions, despite their procedural defects, and finds they do not offer any basis to save the complaint from dismissal.

*Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the cause.").

*Rooker-Feldman* is a preclusion doctrine, which "'strips federal courts of jurisdiction over controversies that are essentially appeals from state-court judgments.'" *Duffy v. Wells Fargo Bank, N.A.*, No. 16-4453, 2017 WL 236196, at *4 (D.N.J. May 31, 2017) (citation omitted). "It is implicated when, in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render the judgment ineffectual." *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (citation and quotation marks omitted). Thus, *Rooker-Feldman* applies in "[1] cases brought by state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the district court proceedings commenced and [4] inviting district court review and rejection of those judgments." *Malhan v. Sec'y United States Dep't of State*, 938 F.3d 453, 458 (3d Cir. 2019) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

As a threshold matter, the Court finds that the first requirement is met, as Plaintiffs were the losing party in the Foreclosure Action, a prior state court action. ECF No. 6-2 at 20–23. Moreover, the third requirement is also met, as Plaintiffs commenced this action on January 27, 2020, nine months after the final foreclosure judgment was entered on April 23, 2019. Id.; *see Damiani v. Wells Fargo*, No. 16-8484, 2018 WL 1731347, at *5 (D.N.J. Apr. 10, 2018) (finding the first and third *Rooker-Feldman* requirements were satisfied where a final foreclosure judgment in state court action was entered against the plaintiff before he commenced the federal action); *see also Ezell v. JPMorgan Chase Bank Nat'l Ass'n*, No. 18-1407, 2020 WL 525899, at *4 (D.N.J. Jan. 31, 2020).

The second and fourth requirements, which are ordinarily considered together, require that the federal action be "so inextricably intertwined [with the state court final judgment] that a 'favorable decision in federal court would require negating or reversing the state-court decision.'" *Duffy*, 2017 WL 2364196, at *7 (citing *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 170 n.4 (3d Cir. 2010)). Under New Jersey law, a foreclosure judgment is valid when: (1) the note and mortgage are valid; (2) a default occurred; and (3) the defendant has the right to foreclose. *Ezell*, 2020 WL 525899, at *5. Therefore, a federal action seeking to undermine any of these three conditions will satisfy the second and fourth *Rooker-Feldman* requirements.

Plaintiffs' complaint consists of disjointed factual allegations and conclusory statements of Defendants' alleged violations of federal, state, and common law.[3] Although it is difficult to discern the basis for Plaintiffs' claims, the gravamen of the complaint appears to be that Defendants did not have a right to pursue the Foreclosure Action and the sheriff's sale. *See* ECF No. 1. Plaintiffs specifically seek a declaration from this Court that the Mortgage and the final foreclosure judgment are invalid and unenforceable as a result of Defendants' illegal conduct in the assignment of the Mortgage and their pursuit of the subsequent Foreclosure Action. Id. at 7–14. Accordingly, considering Plaintiffs' claims, the second and fourth *Rooker-Feldman* requirements are also satisfied. *See Ezell*, 2020 WL 525899, at *5 ("With respect to the second and fourth requirements, the Third Circuit has found that the *Rooker-Feldman* doctrine applies when a mortgagor challenges the judgment in his or her New Jersey foreclosure action."); *see also, Martinez v. Bank of Am.,*

---

[3] The Court notes that the complaint is identical to the complaint filed by Plaintiffs in a separate case brought against JPMC and a different defendant that is also before this Court. *See* Civil Action No. 20-200. There, the Court noted that such assertions may fail to give Defendants fair notice of the specific legal claims brought against them, as Federal Rule of Civil Procedure 8(a) requires, and the Court cautions Plaintiffs of the same concerns here. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

*N.A.*, No. 15-8926, 2016 WL 1135441, at *4 (D.N.J. Mar. 22, 2016) (citation omitted) ("This type of action is exactly what *Rooker-Feldman* is meant to prevent: an attempt to invalidate the final judgment of foreclosure . . . "). Thus, *Rooker-Feldman* bars this Court's exercise of subject matter jurisdiction over Plaintiffs' claims.

Even if the *Rooker-Feldman* doctrine did not bar all of Plaintiffs' claims, their claims against JPMC also appear to be barred under *res judicata* and the Entire Controversy Doctrine.[4] *Res judicata* precludes re-litigation of claims brought in a previous action when: (1) there was a final judgment on the merits; (2) the prior suit involved the same parties or those in privity; and (3) the subsequent suit is based on the same transaction or occurrence. *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir. 1984). New Jersey's Entire Controversy Doctrine bars all claims that were brought or could have been brought in a previous action arising out of the same transaction or occurrence. *Kaul v. Christie*, No. 16-2364, 2019 WL 943656, at *21 (D.N.J. Feb. 25, 2019). The Entire Controversy Doctrine applies when: "'(1) the judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one.'" *Lee v. Ocwen Loan Servicing, LLC*, No. 17-3800, 2018 WL 935426, at *3 (D.N.J. Feb. 15, 2018) (citations omitted).

Here, the prior state court action concluded with a final judgment on the merits (*see* ECF No. 6-2 at 20–23), and therefore, the first condition of both *res judicata* and the Entire Controversy

---

[4] FSKS also argues that the claims brought against it must be dismissed because the complaint contains no allegations regarding FSKS beyond the caption, and because FSKS is protected from suit for its actions in the Foreclosure Action under a litigation privilege. ECF No. 6-1 at 9. The Court need not reach these arguments at this time as it lacks subject matter jurisdiction over these claims, but notes that there do not appear to be sufficient facts alleged in the complaint regarding FSKS's alleged wrongdoing.

5

doctrine is satisfied. *Maiden v. Brunswick Twp. Sch. Dist.*, No. 19-18768, 2020 WL 3546809, at *4 (D.N.J. June 30, 2020).  Moreover, Plaintiffs and JPMC were involved in the prior state court action, and therefore the second condition of both preclusion doctrines is met.  Finally, the state court action challenged the validity of the Mortgage on the Property and the Foreclosure Action based on claims of breach of contract, fraud, unfair trade practices, and sought the declaratory relief of quiet title on the foreclosed property. *See* ECF No. 4-2 at 44–95.  The present action here seeks the same relief of quiet title on the Property, based again on the alleged invalidity of the underlying the Mortgage and the Foreclosure Action.  Therefore, the present action arises out of the same transaction or occurrence as the State Court Action under the third condition of both preclusion doctrines. *See Maiden*, 2020 WL 3546809, at *5 (finding the third prong of both *res judicata* and the Entire Controversy Doctrine were met where the action arose out of the same material facts as the prior state court action); *see also Rodsan v. Tenafly*, No. 10-1923, 2011 WL 2621016, at *15 (D.N.J. June 30, 2011) (finding plaintiff's claims precluded under *res judicata* and the Entire Controversy Doctrine where the same underlying facts and claims were asserted in the prior action where a judgment was already entered).  Therefore, both *res judicata* and the Entire Controversy Doctrine bar Plaintiffs' present claims against JPMC.[5]

Accordingly, **IT IS** on this 29th day of September, 2020

---

[5] The Court dismisses Plaintiffs' claims against JPMC under *Rooker-Feldman* and/or *res judicata* and the Entire Controversy doctrine at this time, but it also recognizes that Plaintiffs' claims against JPMC may nevertheless be subject to dismissal under the Settlement and Release, which provides for a release of all claims against Defendants "relating to, arising out of, or in any way stemming from" the Mortgage, the Foreclosure Action, the prior state court action, and Plaintiffs' various bankruptcy actions, as well as any defenses that could have been brought in any of those actions. ECF No. 4-2 at 7. Thus, even putting aside the other grounds for dismissal discussed herein, Plaintiffs' complaint still appears to be deficient.

**ORDERED** that Defendants' motions to dismiss (ECF Nos. 4, 6) are **GRANTED**; and it is further

**ORDERED** that Plaintiffs' complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court shall close this case; and it is further

**ORDERED** that Plaintiffs are granted thirty (30) days from the date of this Order to file an amended complaint to the extent they can cure the deficiencies identified herein; and it is further

**ORDERED** that upon the filing of the amended complaint within thirty (30) days of this Order, the Clerk of the Court shall reopen the case; and it is further

**ORDERED** that the Clerk of the Court shall mail a copy of this Order to Plaintiffs.

**SO ORDERED.**

_____
**CLAIRE C. CECCHI, U.S.D.J**